May it please the Court. Good morning, Your Honors. My name is Dina Meyer-Henry, and along with George Boisseau, I represent the appellant, Charles White, in this matter. This case involves the continuing duty of a trial court judge to make sure that the defendant who's on trial is competent to stand trial. In this case, we have a defendant who, in his prior State court proceedings, had been judged incompetent, had been hospitalized, had been medicated prior to being returned to court. Had been found competent by the medical officials. In this case, yes, Your Honor, that's true. Who saw him a lot longer than the original folks who found him to be incompetent, right? That's correct, Your Honors. However, they didn't see him in the heat of trial. And if the Court reviewed the original competency hearing in this Federal case, where Dr. Mackey testified to his own observations, but also to the observations of prior doctors in the hospital, it appears that the symptoms that Mr. White exhibited were exacerbated as we got closer to trial and in the stress of trial. So when he was at the Butner facility, the trial was no longer an issue for him. He wasn't under the stress of trial. But also, the Butner report is inconsistent with any of the other observations and Mr. White's history. But it's also internally inconsistent. The report indicates that at one point. Excuse me. I don't know where you're going with that argument. Are you suggesting that you're challenging the Butner report that it's wrong? I do believe it's inconsistent internally. No, no. Are you challenging it that it's wrong, that we can't rely on it? The issue before this Court is really what the trial judge's continuing duty was. The Butner report was just one factor that the trial judge had to look at. I understand. And once Mr. White was returned from Butner, and several months later began in the trial process, and the behavior returned, the symptoms returned, I think that even if the Butner report, even if we assume it was 100 percent reliable, the trial judge then had additional information before him that required another evaluation of competency. What do you sense was the big change that should have caused the district judge to do so? The district judge did consult with the lawyer, the lawyer upon whom we ordinarily rely to represent people. There's no indication that he was incompetent.  I think the initial statement by defense counsel, by Mr. Long, who had recently taken over the case, that Mr. White was competent, came approximately  7 months before trial, and in a time when Mr. Long had little contact with Mr. White. So as the case got closer to trial and in trial, Mr. White's behavior deteriorated. The Court also had information from both defense counsel Long and from Mr. Mayo that there were mental issues. Mr. Long advised the Court that he didn't believe that Mr. White could control his outbursts. Well, ultimately, though, I gather you're relying on Maxwell, right? Yes. And so you're asking us to determine that the judge erred by not sua sponte having a new hearing, right? That's really what it boils down to. Yes. What is the best evidence that you have that you think should have just rung the bell with the judge, it just couldn't miss it? Well, I think if the Court looked at the original competency hearing, all of the behavior that Mr. White exhibited later during trial is foretold in that report, the fact that he was more stressed and would act out more under trial conditions and so forth. What about his delusional behavior when he claimed that a book that was given to him had been remade by his lawyer to be a different book and things like that? That only occurred long after the Butner Report. True? True. And that was during trial. And that was not the only example of delusional behavior. He also believed his trial counsel had been a special prosecutor in Alameda and believed that he had video evidence to prove this. But I guess what I wrestle with is that we get a fair amount of cases where there's intentional gaming of the system, if you will. You've seen that before, I'm sure, as well. Here you've had one competency hearing. The judge is semir with him. You clearly have conflicting evidence, don't you, about this problem? Correct. So what I'm trying to get from you is here you have a district judge trying to do the best he can, had one hearing. There are some new signs. I'm just trying to understand what should have just irrevocably rung the bell for the district judge to say, hey, wait a minute. We just can't go forward without reexamining this. What is new? What's really changed other than the conflicting opinions of people about his competency and his ability to help his counsel? Well, I think the conflicting opinions give rise alone to the necessity for a further evaluation, first of all. But with respect, counsel, every good defense lawyer in a situation like this is going to try to raise an objection. It can't be just based upon that there are conflicting views. Did the judge ever make a finding of any kind that the defendant was shamming? No. And I think that's significant. The Buttner report suggested that, but there was never a formal finding because Mr. Long suggested it, too. At a time. He said, I agree with the State doctors and Federal judges. He's competent to go to trial. I feel he's choosing not to cooperate. And that was at a time when Mr. Long had limited contact with the defendant. It was many months prior to trial. I understand, but they went through the change of attorney and the rest of that. And Mr. Long's position was consistent all the way through, wasn't it? It was. However, Mr. Long also was having limited contact with the Mr. White throughout the trial because Mr. White had physically threatened Mr. Long's life. So most of the contact was with Mr. Male. And the evidence in the record shows that Mr. Male was going well out of his way to accommodate the defendant's behaviors and to the point where he asked the trial judge not to confront Mr. White because he felt that that set Mr. White off. So we have one counsel who's been threatened by Mr. White and another counsel who's attempting to accommodate Mr. White. And ultimately, whether the defense raises the competency issue or not, it's the duty of the trial judge to make sure that this person truly is competent to stand trial. And I do not believe that that happened in this case. I see that we're down to approximately two minutes. Do you want to save time for rebuttal? I would like to respond. Okay. Why don't you do that? I'm sorry. This is my colleague. When you come back, you might take a look at our standard of review that we'll do on this issue. I think it's abuse of discretion, which is very difficult for the defense to prove. I understand that. But I think that is the standard. We have to show he abused his discretion. Thank you, Your Honor. Thank you. Very well. We'll hear from the government. Good morning, Your Honors. My name is Steve Lapham. I was the assistant U.S. attorney who tried the case. Your Honors, the government has no interest in trying an incompetent defendant. But there's a difference between a defendant who's incompetent, that is, unable to understand the nature of the charges before assisting his own defense, and one who simply chooses not to do so. It's understanding and cooperating with the lawyer. Both of those are required. Well, that is correct. But I think the actual phraseology is he is able to assist in his own defense. So how is he able to assist in his defense? Everything his lawyer suggested, he said, you are an evil man. You're out to get me. You're not doing what I asked you to do. You're giving me these phony books. You're really a prosecutor, and on and on, day after day after day. How is he assisting his defense? Well, we have glimpses that he is able to assist in his own defense. He initially met with Mr. Long on ten occasions. And even as the defendant approached trial, on the very eve of trial, he met with both defense counsel, and they indicated to the court that they believed he provided valuable information that was worth pursuing. Many other times he refused to meet with him. Well, but that just demonstrates that he can cooperate and assist his defense counsel when he wants to. He just doesn't. Or does it show that he has no control and that sometimes he's rational and sometimes he's irrational? Well, I think that's a fair point. But I think if you look at the record in its entirety, this is a man who was incarcerated for four years. There's no evidence of him ever acting out in the institutional setting. He was able to cooperate, you know, when he wanted to. It was just there he had anger issues that set him off. And it's interesting if you analyze what those anger issues are. He was angry because he didn't believe he was getting a speedy trial, which shows an appreciation for how the system works. He was angry because his attorney was recommending that he take a deal. And what's what I find most interesting is he understood what I consider a very subtle distinction. He said, how can I be competent to enter into a plea agreement and not be competent to stand trial? I think that shows a fairly sophisticated understanding of our judicial system. I think some attorneys would get that point. Well, the position of the government is, as I understand reading the briefs, that this is sort of a pattern of temper rather than that he could not understand what's facing him and cooperate with his attorney. What is on the record, especially towards the end of this episode and when he goes to and he can't even stand trial until he's so disruptive, what is there in there that shows that's more of a pattern of his own willfulness rather than an inability to control himself because he's mentally defective? Well, I think what I would say to that is these are conscious decisions he made over an extended period of time. Defendants often do things that are not in their best interest. And we've seen that in many cases reported in the courts. The fact that he does things that are oppositional or against his interest don't equate to a lack of appreciation for the nature of the charges or an ability to assist in his defense. Well, ultimately, we're the Maxwell standard is the district judge has to have a bone to fight it out, right? I'm sorry? The Maxwell standard is that the district judge has to have a bona fide doubt, right? Yes. And Judge Wallace has indicated that the standard of review is abuse of discretion. So in this particular case, from the government's perspective, have you articulated what you believe are the contras to a bona fide doubt, such as meeting with people before, only acting up at strategically important times, basically, and therefore we need to defer to the district judge who was there, saw it, all that sort of thing? Is that your position? Yes. And here's what I would say to that. First and foremost, the defendant or the judge had before him a lengthy report from Butner. They were able to, a team of professionals was able to examine this guy over. The report from Butner seems to have gaps, yes. There are places where they put question marks, but they don't fill in the information It doesn't seem to have been a very careful or even complete report. I noticed a few places where it appears that they intended to fill in information and never got around to it. I agree with that. I don't think. The information that was left out, seemingly, though it's very hard to tell, was the information about incidents that might have been troublesome. That was exactly what they didn't fill in. I couldn't speak to that directly. I don't know that to be the case. I will point out, though, that the defense misrepresents some of the statements that Butner made. For instance, they indicate that he, that Butner found that he had delusional behavior in his past. That was supposedly reported by the sister and the mother. But when you actually read the report, what Butner said was, yes, but both of those individuals, or I believe the sister, attributed that to his drug use, not to any long-standing mental illness. The fact that he. How do you deal with the issue, I should say the issue, how do you deal with the Torres case? That, of course, involved a defendant that was really self-defeating, had self-defeating behavior. And just like in this case, though, he insisted on remaining in change in the courtroom, spitting on his attorney, cursing the judge, repeatedly refusing to be quiet during the trial. Isn't there a fair amount of correlation between the conduct exhibited in Torres and what happened with White here? Well, I think that's really why the standard is abuse of discretion. The judge is the one who can see firsthand what's going on here. The judge is being told he has the Butner report. He's being told by the two attorneys who are representing White, who are closest to the situation, that they believe he is competent, simply not wanting to cooperate. Faced with that situation, what reasonable judge would not have found that the defendant is competent? And the judge, in fact, did make a – I don't think we could call it a formal finding, but at one point in the case, the judge did put on the record. But where are you citing from, please? It's page 29 of the government's brief. It's a block quote, and I won't quote the whole thing, but he basically says that in every possible way, he has tried to undermine the judicial process. Yes, but that's not, as you say, not necessarily a finding of shamming. Right. The – in the two instances where he was delusional, there was no indication from either his counsel or from the judge, was there, that they thought he was anything other than delusional? Well, Your Honor, we're doing a lot of speculating on that point, because they're – we're talking about the book. The book and the Alameda County prosecutor. Right. And I think it's a great leap to say that that was delusional conduct as opposed to just some type of opposition. We don't know – for instance, the record doesn't reveal what the book was. I happen to know what the book was. It was a book about gangs that he thought was relevant to the case. That's not fleshed out anywhere in the record. But the point is, he did have a source that the defense attorneys tried to get and did get, and then it didn't say what the defendant thought or hoped it would say. Whether you call that delusional behavior or simply he's disappointed and he – maybe he thinks the defense attorneys aren't working hard enough in his interest. Those are pretty fine lines to draw, especially at this distance from the case. We're looking back on this a couple of years later now. Assuming for the sake of argument that we thought the trial judge erred in not holding so-to-span-de-a competency – second competency hearing, what would be the remedy? Well, the remedy would basically be, I think, a new trial at this point. Would it not be possible to have a post-trial competency hearing? Yes, it's a long time, but the facts are all laid out ad nauseum on the record of the case. So a psychiatrist really would have a great deal of data that he or she could evaluate. I think the problem with that is the distance we are away. The standard is whether he was competent at the time he was tried. I understand. So you would have to reconstruct that. Well, but we would have no better record than what we have right now. The defense is trying to relitigate. Their basic point on appeal is there should have been that determination And what I'm asking is whether, contrary to the usual practice, I understand this is a little unusual, but whether you could have a reasonable determination made after the fact of whether he was at that time competent, given the unusual wealth of detail that we have here. If he was found then to have been competent, then you don't need to retry the case. If he was found to be incompetent, then of course you would have to retry the case. I think that inquiry would be very close to the same inquiry we have now. We're trying to relitigate the Butner report, which the government believes is inappropriate. But it would be evaluation by a psychiatrist and then by the judge. Neither would incur. I assume there would have to be some supplementation of the record as to his current status. Why? Well, then otherwise, we really are just relitigating the same issue that's before the Court right now. No. The issue before the Court is not whether he was competent. The issue before the Court is whether it was an abuse of discretion to fail to have a competency hearing at the time. Well, and I think the government's position would be all of that information is currently before the Court, and to the extent that the defense attorneys at the time chose not to challenge the Butner report constitutes a waiver of that claim. In effect, you're asking us to perform the role instead of the district judge, right? Well, no. I'm asking you to review the district judge's performance and find if he abused his discretion. What difference does it make, if any, that this judge had previously found Mr. White to be incompetent? Very little, I would argue, because that finding was based on Dr. Matthews' testimony, and he said he had very little time with the defendant. The defendant refused to cooperate with him. I would say that it was a good call to send the defendant back to Butner at that point to make sure what we're dealing with, but I wouldn't give very much weight to that particular finding. Okay. Any other questions? No. All right. Thank you very much for your argument.  Thank you, Your Honor. The Court had previously inquired whether there were specific points at which the trial judge should have questioned Mr. White's competency, and I think there were many. Could you stand in front of the microphone, please? Thank you. Thank you. The highlights are obviously the threats to the jury, the threats to his counsel, the spitting on his counsel, the threats to the trial judge. Obviously, these are behaviors that are not in Mr. White's best interest. Mr. White's behavior was disruptive, but it didn't stop the trial process. His removal from the courtroom and his continued statement that he wanted to remain out of the courtroom allowed the trial to go on without him. So the point that we're going to have to wrestle with, let's assume that the trial judge had a second hearing. Let's just assume, arguendo, that we agree that there was enough evidence there that the judge should have had a second hearing. What's the remedy here? Do we have to order a new trial, or as Judge Rakoff suggested, can it be limited to a determination based exclusively on what is in the record to determine whether or not he was competent at that time as opposed to having a new trial? I have to confess that that's not an issue that I researched. I do know that there is some support for that in California state law. I'm not sure that that would be consistent with drope, which cautions against post hoc analysis of the situation and says that basically we can't determine after the fact what the prejudice was, what might have been. So as I stand here, I would say that that is inconsistent with the U.S. Supreme Court standard in drope. So you're basically saying it's a new trial or nothing, basically. I believe that's the case. Okay. Any other questions? Thanks to both counsel for argument in this case. The case of United States v. White is submitted.
judges: Rakoff, Wallace, Smith